UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
4 PILLAR DYNASTY LLC AND
REFLEX PERFORMANCE RESOURCES INC.,

                  *Plaintiffs,*
- against -

NEW YORK & COMPANY, INC. AND
NEW YORK & COMPANY STORES, INC.

                  *Defendants.*
----------------------------------------------------------------X

CASE NO.: 16-CV_____

**COMPLAINT**

*(JURY TRIAL DEMANDED)*

Plaintiffs, by their attorneys Oved & Oved LLP, complaining of the Defendants, upon information and belief, allege as follows:

**PARTIES**

1.    Plaintiff 4 Pillar Dynasty LLC ("4 Pillar") is a New York State Limited Liability Company with a place of business at 525 7th Avenue, Suite 1607, New York, NY 10018.

2.    Plaintiff Reflex Performance Resources Inc. ("Reflex") is a New York State Corporation with a place of business at 525 7th Avenue, Suite 1607, New York, NY 10018 (4 Pillar and Reflex are collectively referred to as "Plaintiffs").

3.    Defendant New York & Company, Inc. ("NYCO") is a Delaware Corporation with a principal executive office at 30 West 34th Street, New York, NY 10001.

4.    Defendant New York & Company Stores, Inc. ("NYCOS") is a Delaware Corporation with a principal executive office at 30 West 34th Street, New York, NY 10001 (Defendants NYCO and NYCOS are collectively referred to as "Defendants").

**JURISDICTION & VENUE**

5.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' claims arise under provisions of the

Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), New York General Business Law §§133, 349, and 360, and the common law of the State of New York.

6. This Court has supplemental jurisdiction over any and all state court claims pursuant to 28 U.S.C. § 1367 because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.    Plaintiffs and the "Velocity" Mark**

1. Having spent the past 25 years specializing in the production and development of nylon spandex, poly spandex, and cotton spandex clothing, Reflex became an industry leader in the field of activewear, performance wear and yoga wear.

2. Reflex sells and/or has sold its products at nationally-recognized premier retailers throughout the United States, Canada and Mexico, including without limitation: Foot Locker, Dick's, Modell's, Sports Authority, Macy's, Dillard's, Burlington Coat Factory, Costco, Sam's Club, T.J. Maxx, Ross Stores, Nordstrom Rack, Sneaker Villa, Dunham's, Shopko, and Steinhart.

3. Reflex also sells its products through various online retailers including, *inter alia*, Amazon, Haute Look, Kohls.com, Nordstroms.com, Rulala, and QVC.

4. In 2014 alone, Reflex had over $250 million in sales.

5. Effective as of March 12, 2012, 4 Pillar became the owner of the registered trademark "Velocity," registration number 85567087, in connection with "clothing and performance wear, namely, pants, shirts, jackets, yoga pants and tops, sports bras, tank tops, leggings, loungewear, hooded sweatshirts, t-shirts, denims, bicycle shorts, socks, tights, and sweatshirts" (the "Mark").

6. Reflex is the licensee of the Mark and has utilized the Velocity brand extensively since 2012.

7. Reflex sells a full line of yoga wear, including leggings, sports bras, and hooded sweatshirts ("Plaintiffs' Products"), bearing the Mark throughout the United States and the world to retailers such as Foot Locker, Lady Foot Locker, T.J. Maxx, Marshalls, Burlington Coat Factory, Steinmart, Sports Authority, Nordstoms.com, Runners Point, Winners Canada, Marshalls Canada, T.J. Maxx UK, and Amazon.

8. Several examples of Plaintiffs' sale of products using the Mark are depicted below:






B.     **Defendants' Infringement of Plaintiffs' Mark**

9.     Plaintiffs have recently discovered that Defendants have begun promoting and offering for sale a new line of clothing and performance wear (the "Infringing Products") under the brand name "Velocity" (the "Infringing Mark"). *See*, http://www.nyandcompany.com/nyco/promo/active/velocity/.



10. As is clearl from Defendants' website, depicted above, and below, Defendants' Infringing Products include yoga pants, sports bras, tank tops, leggings, jackets, and hooded sweatshirts.



11. Defendants are using the Infringing Mark—an exact copy of Plaintiffs' Mark—in connection with the Infringing Products, which are in the exact same category and style of goods as Plaintiffs' Products which are sold under Plaintiffs' Mark.

12. Defendants' Infringing Mark and the Infringing Products have and are likely to continue to cause confusion as to the source, sponsorship and/or affiliation of the Infringing Products.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Violation of 15 U.S.C. § 1114)**

13. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

14. Defendants' offers to sell, sales, distribution, promotion, and/or advertisement of the Infringing Products through the use of the Infringing Mark violates Section 32(1) of the Lanham Act, 15 U.S. C. § 1114(1).

15. Plaintiffs own duly-issued and validly-subsiding rights in Plaintiffs' Mark.

16. Defendants' offers to sell, sales, distribution, promotion, and/or advertisement of the Infringing Products in connection with the Infringing Mark have caused and are likely to continue to cause consumer confusion as to the origin, sponsorship, or approval of the Infringing Products.

17. Defendants' use of the Infringing Mark and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause, substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation associated with Plaintiffs' Mark.

18. Defendants' use of the Infringing Mark and colorable imitations thereof has been intentional and willful as is evidenced at least by the identical nature of the Infringing Mark and the Infringing Products to Plaintiffs' Mark and Plaintiffs' Products.

19. Defendants' unlawful acts have damaged Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by this Court. As such, Plaintiffs are entitled to a preliminary and permanent injunction pursuant to 15 U.S.C. § 1116(a).

20. Moreover, Defendants' acts have also caused substantial monetary damage to the value of the Plaintiffs' Mark and Plaintiffs' business operations, trade name, reputation and goodwill, the exact amount to be determined at trial but to include Plaintiffs' lost profits and Defendants' illicitly-earned profits, trebled, together with costs and reasonable attorney's fees.

**SECOND CAUSE OF ACTION**
**(False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a))**

21. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

22. Defendants' offers to sell, sales, distribution, promotion and/or advertisement of

the Infringing Products, in competition with Plaintiffs, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

23. Plaintiffs' Mark is federally registered and entitled to protection under both Federal law and common law.

24. Plaintiffs' Mark is inherently distinctive and has acquired substantial secondary meaning in the marketplace through Plaintiffs' extensive and continuous use, advertising, promotion and sales of products bearing Plaintiffs' Mark.

25. Through that extensive and continuous use, advertising, promotion and sales, Plaintiffs' Mark has become a well-known indicator of the origin and/or quality of Plaintiffs' products before Defendants' unauthorized use of the Infringing Mark.

26. Defendants' use of the Infringing Mark and/or colorable imitations thereof constitutes a false designation of origin and/or unfair competition that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Products by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with Plaintiffs.

27. Defendants' use of the Infringing Mark and/or colorable imitations thereof has caused, and unless enjoined, will continue to cause, substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least stubstantial and irreparable injury to Plaintiffs' goodwill and reputation.

28. As a result, Plaintiffs are entitled to injunctive relief.

29. Moreover, Defendants' acts have also caused substantial monetary damage to the value of the Plaintiffs' Mark and Plaintiffs' business operations, trade name, reputation and goodwill, the exact amount to be determined at trial but to include Plaintiffs' lost profits and

Defendants' illicitly earned profits, trebled, together with costs and reasonable attorney's fees.

## THIRD CAUSE OF ACTION
### (Common Law Trademark Infringement and Unfair Competition)

30. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

31. Defendants have misappropriated the results of Plaintiffs' labor, skill and expenditures through fraud, deception and other tortious conduct.

32. Defendants have and continue to unfairly compete with Plaintiffs by improperly utilizing Plaintiffs' Mark to sell the Infringing Products.

33. Plaintiffs have suffered and will continue to suffer injury and irreparable harm as a result of Defendants' misappropriation and misuse of Plaintiffs' Mark.

34. Plaintiffs have no adequate remedy at law.

35. In addition, Defendants' acts have also caused substantial monetary damage to Plaintiffs and Plaintiffs' business operations, in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Unlawful and Deceptive Acts and Practices under New York General Business Law § 349)

36. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

37. Defendants' offers to sell, sales, distribution, promotion, or advertisement of the Infringing Products, in competition with Plaintiffs, violates section 349 of New York General Business Law.

38. Plaintiffs' Mark is entitled to protection under New York law.

39. Plaintiffs' Mark has a distinctive appearance that is non-functional, and has also acquired substantial secondary meaning in the marketplace through Plaintiffs' extensive and

continuous use, advertising, promotion, and sales of products bearing Plaintiffs' Mark. Through that extensive and continuous use, advertising, promotion, and sales, Plaintiffs' Mark became a well-known indicator of the origin of Plaintiffs' Products before Defendants' unauthorized use.

40. Defendants' use of the Infringing Mark and/or colorable imitations thereof, constitutes a deceptive act and/or practice in the conduct of Defendants' business, trade and/or commerce, and a false designation of origin and/or unfair competition that is likely to cause consumer confusion, mistake, or deception as to the organs, sponsorship, or approval of the Infringing Products by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with Plaintiffs.

41. Defendants' use of the Infringing Mark and/or colorable imitations thereof has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to Plaintiffs' goodwill and reputation.

42. As a result, Plaintiffs are entitled to injunctive relief.

43. Moreover, Defendants' acts have also caused substantial monetary damage to the value of the Plaintiffs' Mark and Plaintiffs' business operations, trade name, reputation and goodwill, the exact amount to be determined at trial but to include Plaintiffs' lost profits and Defendants' illicitly-earned profits, and enhanced damages, together with costs and reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**
**(Unlawful and Deceptive Acts and Practices under New York General Business Law § 133)**

44. Plaintiffs repeat and reallege the allegations contained in the prior paragraphs of the complaint as if fully set forth herein.

45. Defendants' offers to sell, sales, distribution, promotion, or advertisement of the

Infringing Products, in completion with Plaintiffs, violates Section 133 of New York General Business Law.

46. Plaintiffs' Mark is entitled to protection under New York law.

47. Plaintiffs' Mark has a distinctive appearance that is non-functional, and has also acquired substantial secondary meaning in the marketplace through Plaintiffs' extensive and continuous use, advertising, promotion, and sales of products bearing Plaintiffs' Mark.  Through that extensive and continuous use, advertising, promotion, and sales, Plaintiffs' Mark became a well-known indicator of the origin of Plaintiffs' Products before Defendants' unauthorized use.

48. Defendants' use of the Infringing Mark and/or colorable imitations thereof, constitutes a deceptive act and/or practice in the conduct of Defendants' business, trade and/or commerce, and a false designation of origin and/or unfair competition that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of the Infringing Products by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with Plaintiffs.

49. Defendants' use of the Infringing Mark and/or colorable imitations thereof has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law, including at least substantial and irreparable injury to Plaintiffs' goodwill and reputation.

50. Defendants' use of Plaintiffs' Mark and/or colorable imitations thereof has been intentional, willful, and with the intent to deceive and/or mislead the public as is evidenced by the identical nature of Plaintiffs' Infringing Products and Infringing Mark to Plaintiffs' products and Plaintiffs' Mark.

51. As a result, Plaintiffs are entitled to injunctive relief.

WHEREFORE, Plaintiffs hereby request that this Court grant them the following relief:

i. an order permanently enjoining and restraining the Defendants, their respective officers, agents, representatives, successors, assigns, affiliates, servants, employees, licensees, attorneys and all those acting in concert or in participation with Defendants from manufacturing or selling any goods similar to, derived from, or otherwise utilizing, copying or incorporating Plaintiffs' Mark;

ii. an order directing Defendants to immediately provide Plaintiffs with a detailed list of all Infringing Products in Defendants' possession as well as a list of all Infringing Products sold by Defendants, and to whom such sales were made;

iii. on Plaintiffs' First Cause of Action, an award against Defendants of actual damages and lost profits Plaintiffs suffered as a result of Defendants' acts, as well as an award of Defendants' profits improperly earned from their infringement of Plaintiffs' Mark, trebled;

iv. on Plaintiffs' Second Cause of Action, an award against Defendants of actual damages and lost profits Plaintiffs suffered as a result of Defendants' acts, as well as an award of Defendants' profits improperly earned from their infringement of Plaintiffs' Mark, trebled;

v. on Plaintiffs' Third Cause of Action, an award against Defendants of damages in an amount to be determined at trial;

vi. on Plaintiffs' Fourth Cause of Action, an award against Defendants of damages in an amount to be determined at trial;

vii. an award of Plaintiffs' attorney's fees and costs;

viii. an award of prejudgment interest to the full extent permitted by law; and

ix. an award of such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
April 15, 2016

By: _____
Darren Oved, Esq.
Aaron J. Solomon, Esq.
OVED & OVED LLP
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376