UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

4 PILLAR DYNASTY LLC AND
REFLEX PERFORMANCE RESOURCES INC.,

CASE NO.: 16-CV-2823 (JSR)

                            *Plaintiffs,*

- against -

PROPOSED

NEW YORK & COMPANY, INC. AND
NEW YORK & COMPANY STORES, INC.

PRE-TRIAL CONSENT ORDER

                            *Defendants.*

------------------------------------------------------------------X

Plaintiffs 4 Pillar Dynasty LLC ("4 Pillar") and Reflex Performance Resources Inc. ("Reflex") (collectively, "Plaintiffs") together with Defendants New York & Company, Inc. and New York and Company Stores, Inc. (collectively, the "Defendants") jointly submit this pre-trial consent order pursuant to Jude Rakoff's Individual Practice Rule 4(b):

1.    <u>Joint Overview of the Case</u>

This is, *inter alia¸* a trademark infringement action arising out of Defendants' use of the word "velocity" in connection with Defendants sale, both online and in brick and mortar stores, of apparel products (namely yoga wear, loungewear, and active wear ("Accused Products"). Plaintiffs contend that Defendants' use of the word "velocity" constitutes an infringement of Plaintiffs intellectual property rights in and to Plaintiffs' registered trademark "Velocity" (the "Velocity Mark") which Plaintiffs possesses and uses in connection with Plaintiffs sale of apparel utilized for yoga, loungewear, and active wear ("Yoga Apparel/Active wear"). Plaintiffs also contend that Defendants' above-referenced use of the word "velocity" constitutes (i) False Designation of Origin/Unfair Competition pursuant to 15 U.S.C. § 1125(a); (ii) common law trademark infringement; (iii) unlawful and Deceptive Acts and Practices under

New York General Business Law § 349 and Unlawful and Deceptive Acts and Practices under New York General Business Law § 133.

2.      **Particularized Descript of Each Party's' Claims**

*Plaintiffs' Claims*:

Approximately 10 years ago Plaintiffs' predecessors-in-interests (various companies owned and operated by Mr. Hedvat and his family) created and began using in commerce the Velocity Mark in connection with their sale of spandex apparel utilized for yoga, loungewear, and active wear ("Yoga Apparel/Active wear").

It is undisputed that, on or about March 12, 2012, Plaintiff 4 Pillar filed for Federal Trademark protection for the Velocity Mark.  As the Velocity Mark is a strong mark and, at a minimum, suggestive (if not arbitrary) when used in connection with Yoga Apparel/Active wear, the application (Serial No. 85567087) was granted on March 11, 2014 (Registration No. 4495336) and the Velocity Mark was placed upon the Principal Register.  As such, 4 Pillar obtained Nationwide Federal Trademark protection effective March 12, 2012.  4 Pillar licensed use of the Velocity Mark to Reflex and Plaintiffs have used the Velocity Mark in commerce continuously.  The Velocity Mark (i) appears in Plaintiffs' advertisements; (ii) is affixed to Plaintiffs' products; (ii) is present on Plaintiffs' hang tags; (iii) is present on the packages in which Plaintiffs' products are shipped; and appear on Plaintiffs' website(s).

Despite having performed a trademark search that alerted Defendants to Plaintiffs' registered Velocity Mark, in or about July 2015, Defendants began marketing and selling, both online and in their eponymous brick and mortar stores Yoga Apparel/Active Wear utilizing the Velocity Mark (the "Allegedly Infringing Products").  Though Defendants contend that they ceased using the Velocity Mark in connection with the Allegedly Infringing Products almost

immediately after beginning said use, Plaintiffs' principal discovered Defendants' sale of the Allegedly Infringing Products (after Defendants contended at their deposition that they allegedly stopped) and Plaintiffs commenced this action in April, 2016.  In fact, despite filing this lawsuit against Defendants, they  continued to use the Velocity Mark to market and sell the Allegedly Infringing Products (both in their stores, in the label of products sold online, and even including the Velocity Mark as a heading on their website) for at least 4 months and continue to this day to illicitly use the Velocity Mark in "meta-data" on their website located at www.nyandcompany.com to misdirect customers to Defendants' Yoga Apparel/Active Wear products.

Defendants have produced evidence that their gross profits on the Allegedly Infringing Products equal $1,864,337.29.  Plaintiffs seek to recover all of these profits, trebled ($5,593,011.87), as well as attorney's fees for Defendants' willful conduct.

Plaintiffs' Complaint asserts, and Plaintiffs' continue to seek, the following relief: (i) Plaintiffs' First Cause of Action sounds in trademark infringement pursuant to 15 U.S.C. § 1114; (ii) Plaintiffs' Second Cause of Action sounds in False Designation of Origin/Unfair Competition pursuant to 15 U.S.C. § 1125(a); (iii) Plaintiffs' Third Cause of Action sounds in Common Law Trademark Infringement and Unfair Competition; (iv) Plaintiffs' Fourth Cause of Action sounds in Unlawful and Deceptive Acts and Practices under New York General Business Law § 349; and (v) Plaintiffs' Fifth Cause of Action sounds in Unlawful and Deceptive Acts and Practices under New York General Business Law § 133.

### Defendants' Claims

Defendants do not have counterclaims.  The core of Defendants' case is that any trademark the Plaintiff owns is extremely weak and that there is no consumer confusion among

the consumers that purchase Defendants' goods.  There is also no willful infringement here because Defendants' employees had never heard of Plaintiffs' product before selecting their name and because they completed a trademark investigation before launching.

**3.      Statement of Facts Upon which the Parties Agree**

- On or about March 12, 2012, Plaintiff 4 Pillar filed for Federal Trademark protection for the Velocity Mark

- The U.S.P.T.O placed Plaintiffs' Velocity Mark upon the Principal Register.

- 4 Pillar's trademark application (Serial No. 85567087) was granted by the U.S. P.T.O. on March 11, 2014 (Registration No. 4495336).

- 4 Pillar's Federal Trademark registration became effective on March 12, 2012.

- In or about July 2015, Defendants began marketing and selling, both online and in their eponymous brick and mortar stores, the Accused Product.

- Defendants hired Corsearch, a third party company, which performed a trademark search prior to Defendants selling their Accused Product.

- Plaintiffs commenced this action in April, 2016.

- Defendants earned approximately $1,864,337.29 in gross profits from their sale of the Accused Product to date.

**4.      The Disputed Facts**

    **A.      Plaintiffs' Contentions as to the Disputed Facts**

- The Velocity Mark is inherently distinctive, the U.S.P.T.O. found the Velocity Mark to be inherently distinctive and, as such, placed it upon the Principal Register rather than the Supplemental Register

- Defendants began utilizing the Velocity Mark in connection with their sale of the Accused Products and, to the extent Defendants ever ceased using the Velocity Mark in connection with the sale of the Accused Products, they did not do so prior to August 22, 2016.

- Defendants' use, and continued use, of the Velocity Mark in connection with Defendants' sale of the Accused Products and in the "meta-data" on Defendants website constitutes willful infringement.

- Regardless of whether, or when, Defendants may have ceased using the Velocity Mark in connection with the sale of the Accused Products, Defendants continue to utilize the Velocity Mark in Defendants' website's meta-data to the date of this submission.

- Defendants' alleged utilization of "NY&Co" in conjunction with an exact copy of Plaintiffs' Velocity Mark does not diminish the likelihood of confusion caused by Defendants use of the Velocity Mark, or the false designation of origin of the Accused Products or false advertising of same

- The existence of other entities utilizing (in often very *de minimis* fashion) the word velocity in connection with their products, many of which are not used in connection with active wear and/or yoga ants, does not preclude a finding that Defendants infringed Plaintiffs' trademark and otherwise violated Plaintiffs' trademark and other rights as set forth in this lawsuit.

**B.**     **Defendants Contentions as to the Disputed Facts**

- That Defendants' mark is extremely weak due to its low inherent distinctiveness, lack of acquired distinctiveness, and extensive third party use.

- That Plaintiffs' mark and Defendant's Accused product are not similar when viewed in the commercial context in which consumers encounter them.

- That the parties products are not proximally located in the market when considering the appeal, potential customer, probably store purchased at, and other commercial settings.

- That there is no evidence of actual confusion.

- That Defendant adopted the use of NY&C Velocity in good faith and not an attempt to trade on Plaintiff's reputation.

- That Defendant's Accused Product is of a higher quality than Plaintiff's product.

- That potential consumers of Plaintiffs' and Defendant's product are very sophisticated shoppers.

- That if there is infringement, Plaintiff did not act willfully, it did not select the NY&C Velocity materials to trade on Plaintiff's name or goodwill.


**5.**     **Particularized Statement of the Injunctive, Declaratory and Monetary Relief Sought**

Plaintiffs' First Cause of Action sounds in trademark infringement pursuant to 15 U.S.C. § 1114, and seeks (i) permanent injunction, pursuant to 15 U.S.C. § 1116(a), enjoining Defendants' sale of the Allegedly Infringing Products or any products utilizing the Velocity Mark or any mark confusingly similar thereto; and (ii) a money judgment in an amount equal to Defendants' illicitly-earned profits ($1,864,337.29), trebled, totaling ($5,593,011.87) together with costs and reasonable attorney's fees incurred by Plaintiffs in connection with this dispute.

Plaintiffs' Second Cause of Action sounds in False Designation of Origin/Unfair Competition pursuant to 15 U.S.C. § 1125(a) and seeks (i) permanent injunction enjoining Defendants' sale of the Allegedly Infringing Products or any products utilizing the Velocity

Mark or any mark confusingly similar thereto; and (ii) a money judgment in an amount equal to Defendants' illicitly-earned profits ($1,864,337.29), trebled, totaling ($5,593,011.87) together with costs and reasonable attorney's fees incurred by Plaintiffs in connection with this dispute.

Plaintiffs' Third Cause of Action sounds in Common Law Trademark Infringement and Unfair Competition seeks (i) permanent injunction pursuant to 15 U.S.C. § 1116(a) enjoining Defendants' sale of the Allegedly Infringing Products or any products utilizing the Velocity Mark or any mark confusingly similar thereto; and (ii) a money judgment in an amount equal to Defendants' illicitly-earned profits ($1,864,337.29), trebled, totaling ($5,593,011.87) together with costs and reasonable attorney's fees incurred by Plaintiffs in connection with this dispute.

Plaintiffs' Fourth Cause of Action sounds in Unlawful and Deceptive Acts and Practices under New York General Business Law § 349 and seeks (i) a permanent injunction on Defendants' sale of the Allegedly Infringing Products or any products utilizing the Velocity Mark or any mark confusingly similar thereto; and (ii) Plaintiffs' reasonable attorney's fees.

Plaintiffs' Fifth Cause of Action sounds in Unlawful and Deceptive Acts and Practices under New York General Business Law § 133 and seeks a permanent injunction enjoining Defendants' sale of the Allegedly Infringing Products or any products utilizing the Velocity Mark or any mark confusingly similar thereto.

**6.** **A list of the Names of the Witnesses that Each Party Intends to Call**

| Plaintiffs' Witnesses | Defendants' Witnesses |
|---|---|
| Mr. Behrooz "Bay" Hedvat – Plaintiffs' Principal | Ms. Yelena Monzina |
| Mr. Thomas A. vonRecklinghausen – Defendant's System Comptroller | Ms. Christine Munnelly |
| | Mr. Thomas A. vonRecklinghausen – Defendant's System Comptroller |
| | Mr. Behrooz Hedvat |

7.    **Exhibit List With Objections Pursuant to Fed. R. Civ. P. 26(a)(3)**

| Plaintiffs' Proposed Exhibits | | | |
|---|---|---|---|
| Ex. | Description | Other Reference | Objection(s) by Defendant |
| P-1 | Trademark/Service Mark Application | | |
| P-2 | Trademark Registration Certificate | | |
| P-3 | Velocity Lookbook | | |
| P-4 | Product Exemplars | | |
| P-5 | Additional Product Exemplars | | |
| P-6 | Pictures of Plaintiffs' showroom | | |
| P-7 | 2015 Velocity Report | | Hearsay |
| P-8 | Reflex Performance Resources' Invoices | | Hearsay |
| P-9 | Reflex Performance Resources' Purchase Orders | | Hearsay |
| P-10 | Plaintiffs' Google™ advertising expenditure | | Hearsay |
| P-11 | Trademark License Agreement | | |
| P-12 | Co-existence and Settlement Agreement between 4 Pillar Dynasty and Warson Group | Plaintiffs' Production P000001-3 | |
| P-13 | New York & Company Store Layouts MetroPacks | Deposition of Mr. Thomas A. vonRecklinghausen Exhibits 12A and 12B | |
| P-14 | Picture from Defendants' website advertising infringing products | | |
| P-15 | Archived webpages from Defendants' website advertising infringing products | | |
| P-16 | Picture from Zulily's website advertising infringing products. | | |
| P-17 | Picture from Google demonstrating use of | | |

| | infringing metadata | | |
|---|---|---|---|
| P-18 | Picture from Defendants' website demonstrating use of infringing metadata | | |
| P-19 | Plaintiffs' First Set of Requests for Production of Documents | | |
| P-20 | Defendants' Responses to Plaintiff First Set of Requests for Documents | | |
| P-21 | Plaintiffs' First Set of Interrogatories | | |
| P-22 | Defendants' Responses to Plaintiff First Set of Interrogatories | | |
| P-23 | Defendants' First Set of Requests for Production of Documents | | |
| P-24 | Plaintiffs' Responses and Objections to Defendants' First Set of Requests for Production of Documents | | |
| P-25 | Defendants' Production of Sales Data by week | NY&C000815-817 | |
| P-26 | Defendants' Second Supplemental Responses to Plaintiffs' First Requests for the Production of Documents | Defendants' Second Supplemental Documents in Response to Requests No. 9 NY&C000806-811 | |
| P-27 | Defendants' Supplemental Responses to Plaintiffs' First Requests for the Production of Documents | | |
| P-28 | Defendants' Documents in Response to Request No. 9 | NY&C000001 | |
| P-29 | Defendants' Documents in Response to Request No. 10 | NY&C000002-18 | |
| **Defendants Intended Exhibits** | | | |
| <u>Ex.</u> | <u>Description</u> | <u>Other Reference</u> | <u>Objection(s) by Plaintiff</u> |
| D-1 | 4 Pillar Complaint to Saucony | Docket No. 1 of 16 CV-2824 (GHW) | |

|   |   | (KNF) |   |
|---|---|---|---|
| D-2 | NY&Co Org Chart | NY&C000183 | 1) hearsay |
| D-3 | NY&Co Store Layout MetroPacks | NY&C000818 NY&C000981 | The exhibit is combination of two alleged "MetroPacks" Bates No. 818-895 purported to be a MetroPack dated 9/15 and Bates No. 896-981 purports to be a Second MetroPack dated 12/2015. The first MetroPack was produced during the second 30(b)(6) deposition.  However, the Second Metro Pack was withheld during discovery, repeatedly demand, and only turned over to Plaintiffs' counsel yesterday. As presented the proposed compilation exhibit is: 1) unfairly prejudicial / confuses the issues / misleading to jury. Further Bates No. 896-981 are further objectionable and should be excluded as they were deliberately withheld until the days before the trial.[1] |
| D-4 | Intentionally Blank |   |   |
| D-5 | Intentionally Blank |   |   |
| D-6 | Screenshots from the New York and Company website - www.nyandcompany.com |   | 1) hearsay 2) relevance |
| D-7 | Search Results of NY&C VELOCITY | Defendants' Documents in Response to |   |

[1] Defendant's Response: Defendant was dilatory in producing this document.  However, the parties were discussing securing and producing the document about a week before defendant produced it.  There is no unfair surprise, Plaintiff knew the contents of this document before receiving it because it questioned a witness about it during discovery, and the contents of the document do not differ from that description.   Additionally, Plaintiff never produced P7-10 or listed them as relevant documents in an initial disclosure.  These are documents it is using to support its claims and which have been in its possession since before the litigation started.  This is a violation of Fed. R. Civ. P. 26(a)(3).  To the extent, the Court excludes D-3, it should also exclude P7-10.

Plaintiffs' counterstatement:  Defendants were more than dilatory in producing this document – they deliberately withheld it until the eve of trial.  Contrary to their revisionist version of the history of discovery in this case, this document was not discussed the "week before" Defendants produced it.  Rather, this document should have been produced in response to Plaintiff's May 2016 document demands.  It was withheld.  Its potential existence was first uncovered by Plaintiffs at Defendants at a 30(b)(6) deposition in November, 2016.  Plaintiffs thereafter demanded production of this "MetroPack" several times, at that deposition, and thereafter both in writing and orally and via application to the Court.  Defendant tactically withheld the document until the eve of trial.  In contrast, since the initial discussions between counsel in this case and during deposition, Defendants have been on notice of Plaintiffs' intent to use purchase orders, invoices, and advertising material at trial.  Notwithstanding their awareness, Defendants' own document demands served before the close of discovery never requested any such documents.  Defendants' document demands focused exclusively upon Plaintiffs' purported knowledge of third-parties using the word "velocity" and did not even request the documents to be relied upon or used at trial.  As such, there is no merit to Defendants' contention that Plaintiffs violated any obligations of discovery.

|  |  | Request No. 14 NY&C000019-182 |  |
|---|---|---|---|
| D-8 | Collection: Third-party uses of VELOCITY marks |  |  |
| 8.1 | USPTO Printout VELOCILITE | NY&C000188-191 | 1) hearsay |
| 8.2 | Internet printout VELOCILITE | NY&C000192-195 | 1) hearsay |
| 8.3 | USPTO Printout VELOCETTE | NY&C000196-201 | 1) hearsay |
| 8.4 | Internet Printout VELOCETTE | NY&C000202-203 | 1) hearsay |
| 8.5 | Internet Printout HOTVELOCITI | NY&C000204-205 | 1) hearsay |
| 8.6 | USPTO Printout HOTVELOCITI | NY&C000206-210 | 1) hearsay |
| 8.7 | USPTO Printout CONSTANT VELOCITY | NY&C000211-214 | 1) hearsay |
| 8.8 | USPTO Printout HIGH VELOCITY | NY&C000215-224 | 1) hearsay |
| 8.9 | Internet Printout HYPER VELOCITY | NY&C000225-229 | 1) hearsay |
| 8.10 | USPTO Printout HYPER VELOCITY | NY&C000230-233 | 1) hearsay |
| 8.11 | Internet printout SPEEDO HYDRO VELOCITY | NY&C000234 | 1) hearsay |
| 8.12 | USPTO Printout SPEEDO HYDRO VELOCITY | NY&C000235-238 | 1) hearsay |
| 8.13 | Internet printout VELOCITY (Joe Rocket) | NY&C000239-240 | 1) hearsay |
| 8.14 | Internet printout VELOCITY (AETHER) | NY&C000241 | 1) hearsay |
| 8.15 | Internet printout VELOCITY (GTM Sportswear) | NY&C000242-244 | 1) hearsay |
| 8.16 | Internet printout VELOCITY LEGGING (LOLE) | NY&C000245-247 | 1) hearsay |
| 8.17 | Internet printout VELOCITY (Helly Hansen) | NY&C000248-249 | 1) hearsay |

| 8.18 | Internet printout VELOCITY (Kast Gear) | NY&C000250-252 | 1) hearsay |
|---|---|---|---|
| 8.19 | Internet printout VELOCITY (Wigwam) | NY&C000253 | 1) hearsay |
| 8.20 | Internet printout VELOCITY (Under Armour) | NY&C000254-260 | 1) hearsay |
| 8.21 | Internet printout VELOCITY (Greystone Store) | NY&C000261-265 | 1) hearsay |
| 8.22 | Internet printout VELOCITY SPORTS GEAR | NY&C000266-267 | 1) hearsay |
| 8.23 | Internet printout VELOCITY SPORTSWEAR (www.iamvelocity.com) | NY&C000268-271 | 1) hearsay |
| 8.24 | Internet printout VELOCITY WHEELS | NY&C000272 | 1) hearsay |
| 8.25 | USPTO Printout MAXIMUM VELOCITY | NY&C000273-278 | 1) hearsay |
| 8.26 | USPTO Printout VELOCITY (Mary Kay) | NY&C000279-286 | 1) hearsay |
| 8.27 | USPTO Printout SHOP WITH VELOCITY (Key Apparel) | NY&C000287-316 | 1) hearsay |
| 8.28 | USPTO Printout VELOCITY AGILITY SPEED TECHNIQUE | NY&C000317-325 | 1) hearsay |
| 8.29 | USPTO Printout HOTVELOCITI | NY&C000326-349 | 1) hearsay |
| 8.30 | USPTO Printout TERMINAL VELOCITY RACING | NY&C000350-353 | 1) hearsay |
| 8.31 | USPTO Printout TERMINAL VELOCITY RACING Design | NY&C000354-365 | 1) hearsay |
| 8.32 | USPTO Printout VELOCITY RACE GEAR | NY&C000366-383 | 1) hearsay |
|  | USPTO Printout | NY&C000384-387 | 1) hearsay |

| 8.33 | SPEEDO HYDRO VELOCITY | | |
|------|------------------------|---|---|
| 8.34 | USPTO Printout VELOCETTE | NY&C000403-408 | 1) hearsay |
| 8.35 | USPTO Printout VELOCITY (Warson Group) | NY&C000409-438 | 1) hearsay |
| 8.36 | USPTO Printout HYPER VELOCITY (Warson Group) | NY&C000439-442 | 1) hearsay |
| 8.37 | USPTO Printout VELOCITY I.N.C. | NY&C000443-453 | 1) hearsay |
| 8.38 | USPTO Printout HIGH VELOCITY | NY&C000454-463 | 1) hearsay |
| 8.39 | USPTO Printout MAGGIE VELOCITY (Velocity Apparelz) | NY&C000464-468 | 1) hearsay |
| 8.40 | USPTO Printout CONSTANT VELOCITY | NY&C000469-472 | 1) hearsay |
| 8.41 | USPTO Printout THERMOVELOCITY PROTECTION | NY&C000473-489 | 1) hearsay |
| 8.42 | USPTO Printout VELOCITY DESIGNS | NY&C000490-498 | 1) hearsay |
| 8.43 | USPTO Printout LIFE STRIDE VELOCITY WITH MEMORY FOAM | NY&C000499-503 | 1) hearsay |
| 8.44 | USPTO Printout VELOCILITE | NY&C000504-507 | 1) hearsay |
| 8.45 | USPTO Printout MAXIMUM VELOCITY | NY&C000892 NY&C000926 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday[2] |

[2] Defendant's Response:  Defendant did not withhold Documents 8.45 through 8.147 during discovery.  All of the documents are printouts from the Internet or products purchased after the close of discovery.  Most were downloaded in the weeks before they were produced.  Defendant does not have an affirmative duty to collect public documents during discovery and these documents showing third party use of Plaintiff's mark were readily available to Plaintiff.  Moreover, Plaintiff complains that Defendant produced its documents yesterday, yet Plaintiff produced its documents today at 3:41 PM.

Plaintiffs' counterstatement. Plaintiff incorporates its response in Footnote 1 and adds that Plaintiffs' document demands (May 2016) requested all documents Defendants intended to utilize at trial, including documents retrieved in electronic format but which Defendants elected not to "download," "purchase" or print until the eve of trial.  All

| | | | 2) hearsay |
|---|---|---|---|
| 8.46 | USPTO Printout VELOCITY (Mary Kay) | NY&C000927 NY&C001008 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.47 | USPTO Printout SHOP WITH VELOCITY | NY&C001009 NY&C001055 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.48 | USPTO Printout VELOCITY AGILITY SPEED | NY&C001056 NY&C001100 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.49 | USPTO Printout HOTVELOCITI | NY&C001101 NY&C001171 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.50 | USPTO Printout TERMINAL VELOCITY RACING | NY&C001172 NY&C001218 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.51 | USPTO Printout TERMINAL VELOCITY RACING Design | NY&C001219 NY&C001277 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.52 | USPTO Printout VELOCITY RACE GEAR | NY&C001278 NY&C001386 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.53 | USPTO Printout SPEEDO HYDRO VELOCITY | NY&C001387 NY&C001434 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' |

of these exhibits could have been acquired and produced in conformance with the Court's Case Management Plan prior to the close of discovery. Contrary to Defendants' contentions, they do have an obligation to collect the documents they intend to use for trial prior to the close of discovery when such documents are demanded by Plaintiffs so that Plaintiffs can have the opportunity to utilize discovery devices with respect to these documents rather than having more than 120 exhibits that were demanded during discovery exchanged for the first time on the eve of trial.

| | | | counsel yesterday<br>2) hearsay |
|---|---|---|---|
| 8.54 | USPTO Printout VELOCETTE | NY&C001435<br>NY&C001533 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.55 | USPTO Printout VELOCITY (Warson Group) | NY&C001534<br>NY&C001587 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.56 | USPTO Printout HYPER VELOCITY (Warson Group) | NY&C001588<br>NY&C001622 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.57 | USPTO Printout VELOCITY I.N.C. | NY&C001623<br>NY&C001684 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.58 | USPTO Printout HIGH VELOCITY | NY&C001685<br>NY&C001722 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.59 | USPTO Printout MAGGIE VELOCITY (Velocity Apparelz) | NY&C001723<br>NY&C001755 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.60 | USPTO Printout CONSTANT VELOCITY | NY&C001756<br>NY&C001841 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.61 | USPTO Printout THERMOVELOCITY PROTECTION | NY&C001842<br>NY&C001924 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.62 | USPTO Printout VELOCITY DESIGNS | NY&C001925<br>NY&C001970 | 1) exhibit was withheld during discovery despite express demand in document demands dated May |

| | | | 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
|---|---|---|---|
| 8.63 | USPTO Printout LIFE STRIDE VELOCITY WITH MEMORY FOAM | NY&C001971 – 1995 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.64 | USPTO Printout VELOCILITE | NY&C001996 – 2042 | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.65 | VelocitySportswear.com Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.66 | Velocity Sportswear www.iamvelocity.com Packing Slip | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.67 | Velocity Sportswear www.iamvelocity.com Internet printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.68 | Velocity Sportswear www.iamvelocity.com t-shirt | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.69 | Velocity Sportswear www.iamvelocity.com Internet printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.70 | Velocity Sportswear www.iamvelocity.com Sweatshirt | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.71 | Velocity Sportswear www.iamvelocity.com Internet printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |

| 8.72 | Velocity Sportswear www.iamvelocity.com t-shirt | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
|---|---|---|---|
| 8.73 | Velocity Sportswear www.iamvelocity.com Internet printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.74 | Velocity Sportswear www.iamvelocity.com t-shirt | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.75 | In Touch Internet printout Capri Leggings | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.76 | In Touch Capri Leggings | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.77 | Augusta Sportswear Women's track jersey | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.78 | Augusta Sportswear Women's track shorts | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.79 | 2XU Internet printout of Women's action top | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |
| 8.80 | 2XU Women's action top | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.81 | 2XU Internet printout of Women's action shorts | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday 2) hearsay |

| 8.82 | 2XU<br>Women's action shorts | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
|---|---|---|---|
| 8.83 | Head<br>Internet printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.84 | Irideon<br>Internet printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.85 | Irideon<br>Tights (leggings) | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.86 | Stonewear<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.87 | Stonewear<br>Packing slip | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.88 | Stonewear top | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.89 | Shock Doctor<br>Internet Printout shorts | | 1) document was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.90 | Shock Doctor shorts<br>Packing Slip | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.91 | Shock Doctor shorts | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |

| 8.92 | Shock Doctor<br>Internet Printout top | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
|---|---|---|---|
| 8.93 | Shock Doctor top | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.94 | ShockDoctor.com<br>printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.95 | ExceleratorSports.com<br>Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.96 | Excelerator Sports<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.97 | GTM Sportswear<br>Internet Printout shorts | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.98 | GTM Sportswear<br>Internet Printout jackets | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.99 | Boxercraft<br>Internet Printout shorts | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.100 | Sugoi<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.101 | Sugoi<br>Packing Slip | | 1) exhibit was withheld during discovery despite express demand in document demands dated May |

| | | | 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
|---|---|---|---|
| 8.102 | Sugoi top | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.103 | Emily Hsu Designs<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.104 | Anjali Designs<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.105 | Anjali Designs<br>Packing Slip | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.106 | Anjali Designs<br>Leggings | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.107 | Nike<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.108 | Nike<br>Packing Slip | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.109 | Nike Shorts | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.110 | Holloway<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.111 | Holloway | | 1) exhibit was withheld during discovery despite |

| | Packing Slip | | express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
|---|---|---|---|
| 8.112 | Holloway Sweatshirt | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.113 | Tatami Internet Printout shorts | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.114 | Tatami Packing Slip | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.115 | Tatami Shorts | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.116 | Ogio Endurance Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.117 | Wigwam Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.118 | Wigwam Socks | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.119 | Bolle Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.120 | Bolle Packing Slip | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |

| 8.121 | Bolle Top | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
|---|---|---|---|
| 8.122 | Saucony - www.saucony.com Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.123 | Saucony Top | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.124 | Tasc Performance Internet Printout Men's shorts | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.125 | Tasc Performance Men's shorts | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.126 | Under Armour Internet Printout Shorts | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.127 | Under Armour Internet Printout Shirt | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.128 | Under Armour Internet Printout Sneaker | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.129 | Under Armour Packing Slip (Sneaker) | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.130 | Under Armour Sneakers | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |

| 8.131 | Speedo<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
|---|---|---|---|
| 8.132 | www.speedo.com<br>Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.133 | Aether Apparel -<br>www.aetherapparel.com<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.134 | Prismsport<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.135 | Prismsport<br>www.prismsport.com<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.136 | Shape -<br>www.shapeactive.com<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.137 | Shape Leggings | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.138 | Wrightsock<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.139 | Wrightsock – Socks | Product | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday |
| 8.140 | Road Runner<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' |

| | | | |
|---|---|---|---|
| | | | counsel yesterday<br>2) hearsay |
| 8.141 | Columbia Men's<br>Velocity Running Pant<br>Internet Printout | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.142 | Touch of Europe<br>Internet Printout Shorts | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.143 | Ash City<br>Internet Printout Shirt | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.144 | Velocity SportsGear<br>Internet Printout<br>Motorcycle apparel | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.145 | Helly Hansen<br>Internet Printout<br>Jackets, pants | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.146 | Joe Rocket<br>Internet Printout Jacket | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |
| 8.147 | Kastgear<br>Internet Printout Jacket | | 1) exhibit was withheld during discovery despite express demand in document demands dated May 26, 2016, and only turned over to Plaintiffs' counsel yesterday<br>2) hearsay |

8.    **Final Estimate of Length of Trial**

   The Parties estimate the trial to take approximately 4 days.

Dated:  New York, New York
       January 23, 2017

_____/s/ Aaron J. Solomon_____
Darren Oved, Esq.
Aaron J. Solomon, Esq.
OVED & OVED LLP
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, New York 10013
Tel:  212.226.2376

__/s/ Brian D. O'Reilly_____
Brian D. O'Reilly, Esq.
O'REILLY IP PLLC
*Attorney for Defendants*
One Grand Central Place
60 East 42nd Street, Suite 2520
New York, NY 10165
Tel: 212.390.0096