Ct. Ex 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
4 PILLAR DYNASTY LLC and REFLEX        :
PERFORMANCE RESOURCES, INC.,           :
                                       :
                                       :       16-cv-2823 (JSR)
             Plaintiffs,               :
                                       :
       v.                              :
                                       :
NEW YORK & COMPANY, INC. and           :
NEW YORK & COMPANY STORES, INC.,       :
                                       :
             Defendants.               :
------------------------------------------------------------x

## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE: 2/10/17

# TABLE OF CONTENTS

## I. GENERAL INSTRUCTIONS

1. Duty of the Court

2. Duty of the Jury

3. Duty of Impartiality

4. Burden of Proof

5. Direct and Circumstantial Evidence

6. Witness Credibility

## II. LIABILITY & DAMAGES

7. Trademark Infringement

8. Damages

## III. CONCLUDING INSTRUCTIONS

9. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

10. Verdict; Need for Unanimity; Duty to Consult

I. GENERAL INSTRUCTIONS

INSTRUCTION NO. 1

Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them. These are the final and binding instructions, which entirely replace the preliminary instructions I gave you earlier.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person, or any document in evidence, has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form. But please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the deposition excerpts that were placed in evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

3

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

INSTRUCTION NO. 4

Burden of Proof

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of that claim by a preponderance of the credible evidence. In this case, the parties making claims are 4 Pillar Dynasty LLC and Reflex Performance Resources, Inc., but you can treat them collectively as "the plaintiffs." The plaintiffs are making their claims against two defendants, New York & Company, Inc. and New York & Company Stores, Inc., but again you can treat them collectively as "the defendants." To establish an element of a claim by a "preponderance" of the credible evidence means to prove that that element is more likely true than not true. A preponderance of the evidence does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence, its persuasiveness in convincing you of its truth.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

## INSTRUCTION NO. 6

### Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the sole witness offered in this case, Behrooz Hedvat. In making these judgments, you should carefully scrutinize all of the testimony of the witness, the circumstances under which the witness testified, and any other matter in evidence that may help you to decide the truth and the importance of the witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he was talking about? Did the witness strike you as someone who was trying to report his knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he testified to?

You should also consider whether the witness had an opportunity to observe the facts he testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his recollection.

## II. LIABILITY AND DAMAGES

### INSTRUCTION NO. 7

#### Trademark Infringement

Although plaintiffs have technically brought several claims in this case, for your purposes they all reduce to a single claim for trademark infringement. The plaintiffs assert that they own a registered trademark for the use of the word "Velocity" in connection with certain clothing and performance wear, and that the defendants infringed upon that trademark by selling apparel using the term "NY&C Velocity."

There is no dispute that plaintiffs own a valid registered trademark for the use of the word "Velocity" in connection with certain clothing and performance wear. Therefore, their claim comes down to having to prove that the defendants' use of term "NY&C Velocity" in connection with similar apparel is likely to cause confusion or mistake among ordinarily prudent customers as to the source or affiliation of the products, and thereby infringes plaintiffs' mark.

In determining whether the defendants used "NY&C Velocity" in a manner likely to cause confusion regarding the source or affiliation of the plaintiffs' and the defendants' products, you may draw on your common experience. You should also take into consideration the following factors:

First, you should consider the strength of the plaintiffs' "Velocity" mark. A mark's strength is measured by its tendency to identify the products sold under the mark as emanating from a particular source.

Second, you should consider the degree of similarity between the plaintiffs' "Velocity" mark and the defendants' term "NY&C Velocity." In particular, you should consider what effect

10

the similarity has on prospective purchasers and whether the similarity between the parties' marks is likely to cause confusion among prospective purchasers. An inquiry into the similarity of these terms does not end with a comparison of the terms themselves. It also includes assessing the general impression created by the respective terms, taking into account all factors that potential purchasers will likely perceive and remember.

Third, you should consider whether the defendants' products labeled "NY&C Velocity" compete for customers with the plaintiffs' products bearing the "Velocity" mark. In this connection, you may consider evidence concerning all aspects of the products, including but not limited to price, style, intended uses, target customers, typical distribution channels, and points of sale.

Fourth, if you have determined that the products are not already in competition, you should consider how likely it is that the plaintiffs will, in the future, offer a product in the same market that the defendants' product serves, and whether the consuming public might expect the plaintiffs to do so.

Fifth, you should consider whether there is or is not evidence of actual confusion by customers about the source of the products. While proof of actual confusion is not necessary to prove trademark infringement, and it is enough for plaintiffs to show likelihood of confusion, evidence of actual confusion can weigh in favor of there being a likelihood of confusion. Conversely, the absence of evidence of actual confusion can be evidence that confusion is unlikely.

Sixth, you should consider whether plaintiffs have shown that the defendants adopted the "NY&C Velocity" term in bad faith, meaning that they did so with the intention of capitalizing on the plaintiffs' reputation and goodwill.

Seventh, you should consider the quality of the defendants' "NY&C Velocity" products relative to plaintiffs' "Velocity" products. The quality of the defendants' products can be relevant in two ways. If the defendants' and plaintiffs' products are of similar quality, confusion between the products may be more likely. If the defendants' products are of lower quality, it may tarnish the plaintiffs' reputation in the event that consumers confuse the products.

Eighth, and finally, you should consider the degree of care and attention that an ordinary consumer would use in purchasing plaintiffs' and defendants' respective products. Generally, the more sophisticated and careful the average consumer of a product is, the less likely that similarities in trademarks will result in confusion concerning the source or sponsorship of the product. In addition, the greater the cost of an article, the more careful the typical consumer can be expected to be.

In considering the factors I just described to you, please keep in mind that no one factor or consideration is conclusive, but each should be weighed in light of the total evidence presented at the trial to determine whether, on balance, a likelihood of confusion exists. If plaintiff has proved such a likelihood by a preponderance of the credible evidence, you should find defendants "liable." Otherwise, you should find them "not liable."

INSTRUCTION NO. 8

Damages

If, but only if, plaintiffs prove their claim of infringement, plaintiffs are then entitled to what the law calls "damages," in other words monetary relief. On the facts and stipulations of the parties in this case, the calculation of any damages is for the Court, not the jury, and so you need not concern yourself with that calculation. However, there is one issue relating to damages that the jury should address, which is whether plaintiffs have proved by a preponderance of the credible evidence that defendants' infringement (if you find defendants infringed) was "willful." To prove that defendants' infringement was willful, plaintiffs must prove that defendants, in infringing plaintiffs' trademark, had actual knowledge that their conduct constituted infringement or recklessly disregarded that possibility, that is, they chose to ignore the high probability that they were infringing plaintiffs' mark.

### III. CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 9

### Selection of Foreperson; Right to See Exhibits and Hear Testimony;

### Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your members as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. In addition, we will send into the jury room all of the exhibits that were admitted into evidence. If you want any of the testimony, that can also be provided, either in transcript or read-back form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

INSTRUCTION NO. 10

Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation— to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous. This completes my instructions of law.